### F. L. Capps v. James E. Lord.

1. NOTICE—*Agents—Persons Under Disability.*—The fact that a party who falsely claims to be working for himself instead of for another. is under disability and legally incapable of transacting business, is sufficient to put persons upon inquiry, which if pursued would have exposed the claim as a deception.

Capps v. Lord.

Replevin.—Appeal from the Circuit Court of Christian County; the Hon. Samuel L. Dwight, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

Frank P. Drennan, attorney for appellant.

James B. Ricks and Charles A. Prater, attorneys for appellee.

Mr. Presiding Justice Wright delivered the opinion of the court.

Appellant brought action of replevin before a justice of the peace for two wagons, cant-hooks and chains, and thirty-six walnut logs, and the case having been appealed to the Circuit Court a trial by jury resulted in a verdict for appellee for the logs, and judgment having been entered accordingly, this appeal resulted, and we are asked to reverse such judgment for reasons urged in the argument.

Appellant hired Dills to contract for the purchase of logs for him, authorized him to measure them and report the quantity and name of the seller to him, after which the appellant would pay the vendor direct for the logs by check. The logs in controversy were so purchased of Jones and paid for by appellant. Appellant then hired Wilson to haul them to the station, the latter to furnish his own teams, appellant furnishing the wagons and other necessary apparatus. Wilson hauled the logs as employed to do by appellant. During this time Dills informed appellee that he, Dills, owned the teams and wagons, and that he was buying the logs for himself; that he was a drunkard and for such reason appellant was his conservator, and as such handled the money and checks. Because of this information, appellee gave Dills credit at his livery stable for the feed for the teams, and the bill not having been paid, sued out an attachment against Dills, and caused it to be levied upon the wagons and logs. Whereupon appellant brought this suit.

It is contended in support of the verdict that Dills failing

to disclose his agency, by his representations to appellee, appellant is estopped to deny that Dills owned the property. We do not think this question arises upon the facts of the case. If Dills' representations were true he was under disability and legally incapable to transact business, and no agency would be involved.

The information to appellee that appellant was Dills' conservator, untrue as it was, was sufficient to put appellee upon inquiry, which, if pursued, would have led to the truth. The verdict being against the evidence, the judgment of the Circuit Court will be reversed and the cause remanded for a new trial.